## Delaware Valley Mutual Casualty Company v. Alailima

*Sheldon Tabb*, for plaintiff.

*Thomas D. McBride* and *William A. Goichman*, for defendants.

BOYLE, J., July 16, 1962.—This is an appeal from an order sustaining preliminary objections to a petition for declaratory judgment and dismissal of said petition without prejudice.

The petition avers that plaintiff, Delaware Valley Mutual Insurance Company, issued a policy of automobile liability insurance to defendant, Alailima, which contained a clause excluding coverage in the case of bodily injury to the insured or any member of the family of the insured residing in the same household as the insured.

The petition further avers that on October 27, 1961, plaintiff was informed by its insured, Alailima, that he was involved in an accident on October 13, 1961, in which his cousin, Leaupepe, a passenger in his car, was injured; that on November 30, 1961, the company was notified that Leaupepe had retained counsel and was making a claim against the insured; that on February 8, 1962, suit was instituted by Leaupepe against Alailima, in the county court as of December term, 1961, no. 10205-E, and a copy of the complaint was forwarded by the insured to the company; that on February 22, 1962, the company learned that at the time of the accident, Leaupepe was fully dependent upon Alailima for support, education and maintenance, that she was a first cousin of Alailima and resided in his household.

The petition further avers that the company notified Alailima, its insured, that the exclusion clause was applicable and that it offered to have its counsel enter an appearance subject to a non-waiver agreement but the insured refused to accept the limited offer and contended that he was covered by the policy.

The petition prays that the court will construe and determine whether the insurance policy specifically excluded the claim asserted against the insured by his cousin.

Separate appearances were entered for defendant Alailima and defendant Leaupepe. Defendant Leaupepe filed preliminary objections and defendant Alailima an answer raising questions of law.

We are of the opinion that the remedy of a declaratory judgment is not available to petitioner and therefore we did not consider any other questions raised.

It is evident that the proceedings in this case are subordinate or auxiliary to the action brought in this court by Leaupepe against Alailima. The limits of the policy which we are called on to construe are $10,000 bodily injury to each person and $40,000 bodily injury for each accident. The policy limit is beyond the jurisdictional limit of this court and normally we would have no jurisdiction to construe the provisions of this policy. But the pending action against the insured seeks damages not in excess of $5,000. We are not called on to construe the exclusion clause generally but only as to its specific application in this case. The insurance company in effect is seeking an advisory opinion. It has already caused counsel to enter an appearance for its insured. We do not decide whether such an entry of appearance coupled with a unilateral declaration by the company that it is not waiving any of its rights will estop the company from disclaiming liability.

But any liability of the company is contingent upon the obtaining of a judgment by the claimant against the insured. The Declaratory Judgment Act of June 18, 1923, P. L. 840, 12 PS §836, provides that relief by declaratory judgment may be granted where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties which indicate imminent and inevitable litigation. Certainly the dispute in this case does not become litigable unless and until the suit against the insured terminates in a judgment against him. At that time, the liability of the company

on the policy can be determined in an appropriate form of action.

In State Farm Mutual Automobile Insurance Company v. Semple, 407 Pa. 572, the lower court was reversed in assuming jurisdiction to determine the liability of an insurance carrier by declaratory judgment where there was a collateral suit pending. We are of the opinion that there is less basis for assuming jurisdiction in the instant case than there was in the Semple case.

For the foregoing reasons we refused to entertain jurisdiction of the petition for declaratory judgment.