## State Farm Mutual Automobile Insurance Company *v.* Semple, Appellant.

Argued April 17, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Jack Brian,* with him *Stephen J. McEwen,* for appellants.

*George J. McConchie,* with him *John F. Cramp,* and *Cramp and D'Iorio,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 21, 1962:

This is a declaratory proceeding wherein the court below entered judgment for the petitioner. It is our conclusion that the court abused its discretion in assuming jurisdiction of the proceeding and that a vacation of the judgment is required.

The salient facts necessary for the purposes of this opinion are as follows: The defendant-appellant, Brown, suffered serious injuries when struck by an automobile operated by the appellant-defendant, Semple. At the time, the title to the automobile involved was registered in the name of one Warren Witmer. A policy of automobile liability insurance issued to Witmer by the State Farm Mutual Automobile Insurance Company (hereinafter referred to as the insurance company) was then in full force and effect. Brown sued Semple for damages. The insurance company refused to defend the action or to participate in any negotiations to resolve a settlement. A jury trial resulted in a verdict in favor of Brown and against Semple in the amount of $22,260.

Subsequently, Semple sued the insurance company in the United States District Court for the Eastern District of Pennsylvania, alleging breach of its fiduciary

obligations in refusing in bad faith to defend the action. Recovery of the full amount of the verdict and necessary counsel fees was sought. Brown was permitted to intervene as a party-plaintiff.

While the above action was pending, the insurance company filed the present declaratory judgment action in the Court of Common Pleas of Delaware County. Therein the insurance company alleged that one and one-half hours previous to the accident, wherein Brown was injured, Witmer, their insured, had sold and delivered possession of the automobile involved to Semple; that the insurance coverage afforded Witmer was, in effect, legally automatically cancelled by the sale of the automobile and did not cover the new owner. Brown and Semple, the defendants in the action, contended that the sale and the transfer of the title had not been completely and legally effectuated until subsequent to the accident, and that the insurance coverage extended to the operator of the automobile, Semple.

The issue came on for trial. Upon the completion of the testimony, the trial judge directed a verdict for the insurance company. Motions for judgment n.o.v. or a new trial were refused. From the final judgment, Semple and Brown appealed.

Fundamentally, whether or not a court should take jurisdiction of a declaratory judgment proceeding is a matter of sound judicial discretion. It is not a matter of right: *Keystone Ins. Co. v. Warehousing and Equipment Corp.,* 402 Pa. 318, 165 A. 2d 608 (1960). Moreover, the question of its availability must be determined by the appellate court on appeal and this is so even though both parties have joined in asking for such a judgment: *Stofflet and Tillotson v. Chester H. A.,* 346 Pa. 574, 31 A. 2d 274 (1943).

The principles to guide the lower courts in determining whether or not a declaratory judgment proceeding should be entertained was recently clarified by this

Court in *McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222 (1962). Therein we declared, inter alia (1) that a declaratory judgment proceeding is not an optional substitute for established and available remedies; (2) that it should not be granted where a more appropriate remedy is available; (3) that it should not be granted unless compelling and unusual circumstances exist; (4) that it should not be granted where there is a dispute of facts, or such controversy may arise; and (5) that it should not be granted unless there is a clear manifestation that the declaration sought will be a practical help in terminating the controversy.

A reading of this record is convincing that the petition should have been dismissed for each and every reason enumerated above. Also, comity between the federal and state courts indicates such a decision.

The judgment is vacated and the petition is dismissed. Costs to be paid by the appellee.

Mr. Justice BENJAMIN R. JONES and Mr. Justice COHEN concur in the result.