Mohney Estate.

108

Argued September 30, 1964. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Henry S. Moore,* for appellant.

*D. W. Patterson,* for appellee.

Opinion by Mr. Chief Justice Bell, November 24, 1964:

The executrix of the will of Samuel J. Mohney, Mabel H. Mohney, who was decedent's second wife, and Esther L. Mohney, who was decedent's first wife, joined in a petition for a declaratory judgment which was filed in the Orphans' Court to determine (1) who was the owner of a $25 U. S. Treasury Bond which was registered in the name of Samuel J. Mohney *or* Mrs. Esther L. Mohney, and (2) who was entitled to the proceeds of a *group life* insurance policy issued to

the decedent, in which his *first wife* (Esther L. Mohney) was named, *by name,* as beneficiary. The Orphans' Court decided that the *first wife* was entitled (1) to half the value of the U. S. bond, and (2) to all of the proceeds of the group life insurance policy.

Why declaratory proceedings were brought instead of the customary and appropriate way of filing an account and presenting the questions at the audit of decedent's account, was not disclosed. This proceeding was improper for each of the following reasons:

(1) While the grant of a petition for a declaratory judgment is a matter of sound judicial discretion:

"This Court now adheres to the view that declaratory judgment proceedings must not be entertained if there exists another available and appropriate remedy, whether statutory or not: McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222; State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa. 572, 180 A. 2d 925." *Lakeland Joint School District Authority v. Scott Township School District,* 414 Pa. 451, 200 A. 2d 748.

In *State Farm Mutual Automobile Insurance Co. v. Semple,* 407 Pa., supra, the Court said (pages 574-575) : "The principles to guide the lower courts in determining whether or not a declaratory judgment proceeding should be entertained was recently clarified by this Court in McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222 (1962). Therein we declared, inter alia, (1) that a declaratory judgment proceeding is not an optional substitute for established and available remedies; (2) that it should not be granted where a more appropriate remedy is available; (3) that it should not be granted unless compelling and unusual circumstances exist; (4) that it should not be granted where there is a dispute of facts, or such controversy may arise; and (5) that it should not be granted unless there is a clear manifestation that the declaration

sought will be a practical help in terminating the controversy."

(2)   Section 11 of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended, §841, requires as an essential requisite the joinder of all parties who have an interest, as well as those who claim or may have an interest which would be affected by the declaratory relief sought, and neither the insurance company which issued the group life policy nor the testator's heirs were made parties in the Orphans' Court proceedings.

Judgment vacated and petition dismissed, each party to pay own costs.

CONCURRING OPINION BY MR. JUSTICE JONES:

This opinion is written to clarify my concurrence only in the result reached by the majority of this Court.

I believe that vacation of the declaratory judgment entered by the court below in the case at bar is proper because (1) *a statutory* remedy was available for resolution of the questions presented, and (2) because all parties in interest were not joined in the proceeding.

However, I wish to *completely* disassociate myself from any statements or implications in the majority opinion which would indicate that I believe that the existence of an available *nonstatutory* remedy, *per se,* bars the entertainment of a declaratory judgment proceeding.[1]   My view on this subject has been expressed in *Johnson Estate,* 403 Pa. 476, 171 A. 2d 518; concurring and dissenting opinions in *Holt Estate,* 405 Pa.

---

[1] The statement made in the course of the opinion written by me in *Lakeland Joint School District Authority v. Scott Township School District,* 414 Pa. 451, 200 A. 2d 748 and quoted in the majority opinion, reflected the view of the *majority* of the Court, but *not my view.* Moreover, in *Lakeland,* there was *no remedy,* statutory or otherwise, available.

244, 174 A. 2d 874 and *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222. From such view I have not departed. I believe the position taken by the *majority* of this Court on this subject is completely unsound.

Mr. Justice COHEN joins in this concurring opinion.