## Taubel Estate (No. 2)

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Earl J. Budd* and *J. Brooke Aker*, for petitioners.

*Michael von Moschzisker*, contra.

LEFEVER, J., January 18, 1965.—The administrators of the estate of Lillian E. Taubel, deceased, also known as Lillian M. Taubel and as Lillian Taubel Badgett, and the guardians of the estate of Andrea Badgett Taubel, minor daughter of Lillian E. Taubel, have filed a "Petition for Declaratory Judgment to Determine the Proper Party Entitled to Remainder Interest in said Trust." The trustee of the trust, and Julia C. Taubel and Doris Taubel Loring, present and succeeding life income beneficiaries of the trust, have filed an answer which admits most of the allegations of the petition and then requests that it be dismissed. Philayork Corporation and its individual assignees have filed preliminary objections to the petition.

Mohney Estate, 416 Pa. 107, decided November 24, 1964, is the latest Supreme Court case on declaratory judgments. The opinion of Chief Justice Bell, quoting from State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa. 572, 574-575, reiterates that the requisites for the allowance of a declaratory judgment are as follows:

" 'The principles to guide the lower courts in determining whether or not a declaratory judgment proceeding should be entertained was recently clarified by this Court in McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222 (1962). Therein we declared, inter alia (1) that a declaratory judgment proceeding is not an optional substitute for established and available remedies; (2) that it should not be granted where a more appropriate remedy is available; (3) that it should

not be granted unless compelling and unusual circumstances exist; (4) that it should not be granted where there is a dispute of facts, or such controversy may arise; and (5) that it should not be granted unless there is a clear manifestation that the declaration sought will be a practical help in terminating the controversy.' "

Moreover, the allowance of a declaratory judgment is an *exercise of judicial discretion:* Lifter Estate, 377 Pa. 227, 228 and 229.

Preliminary objections admit as true all facts which are clear and well pleaded, but not the pleaders' conclusions or his averments of law: Robinson v. Philadelphia, 400 Pa. 80, 82; Fawcett v. Monongahela Railway Co., 391 Pa. 134, 136; and Gardner v. Allegheny County, 382 Pa. 88. Moreover, respondents concede in their brief that in "the present state of this proceeding the factual averments of the first five paragraphs of the petition for declaratory judgment should be treated as constituting the history of the case." Therefore, we turn to the petition to ascertain whether proper grounds for allowance of a declaratory judgment are alleged. Therein it is averred:

Under date of July 15, 1927, Clarence H. Taubel and Julia C. Taubel executed a marital separation agreement, a copy of which has been annexed to the record. By paragraph III thereof, Clarence H. Taubel agreed to deliver to Fidelity-Philadelphia Trust Company $240,000, in cash, in trust to pay the net income therefrom, together with $2,500 out of principal annually to his wife, Julia C. Taubel, for life and on her death to pay the net income only to their daughter, Doris Mae Taubel Loring, for life. The deed provided that the trust should terminate upon the death of the survivor of them and thereupon "the principal thereof as then constituted and any undistributed income shall be paid over, transferred, conveyed and delivered abso-

lutely to the party of the first part [Clarence H. Taubel], if living, or if he be not then living, the same shall be disposed of as part of his estate."

This trust still subsists. The most recent account was confirmed by adjudication of Judge Bolger on December 11, 1962, at which time the balance of principal was $178,780.47. Julia C. Taubel is now approximately 78 years of age and Doris Mae Taubel Loring is approximately 46 years of age.

Under date of March 9, 1935, in the bankruptcy matter of Clarence H. Taubel in the United States District Court for the Eastern District of Pennsylvania, no. 15169, the trustee in bankruptcy sold to Philayork Corporation for $1,000, "the entire right, title and interest of Clarence H. Taubel in and to a trust estate created by the instant deed of trust." See bill of sale annexed to the record. Therein it was stated further: "This bill of sale is executed pursuant to an order entered by the Honorable Henry W. Braude, Referee in Bankruptcy, in the above named proceedings, at a hearing held February 4, 1935, after due notice to all creditors and parties involved, at which meeting the parties present and voting declared their votes in favor of such sale."

The petition also avers "that the alleged bill of sale was and is invalid and of no effect because: (a) the spendthrift provision in the trust instrument prohibited the sale; (b) the purchase by the corporation was ultra vires; (c) the purchase was contrary to public policy because it violated the attorney-client relationship; (d) the purchase was contrary to public policy against the greatly discounted purchase of inheritances; (e) defects in the procedure of sale, and (f) the only right purchased was the right the bankrupt had, that is to a reversion if he survived the income beneficiaries which right expired when he predeceased them." However, no facts were averred in support of the foregoing bare conclusions of law.

The petitioners aver that Clarence H. Taubel died on March 29, 1940, leaving a short will which gave his entire estate to his then wife, Lillian E. Taubel, and appointed her and Louis Gerstley, Jr., as executors. There is no averment as to the assets in this estate. However, the records of this court disclose that the alleged interest of Clarence H. Taubel in the remainder of the instant trust was not included as an asset in the inventory and appraisement, nor in the executors' account, nor in the awards of principal in the adjudication of Judge Bolger, filed on May 24, 1949, in his estate.

Lillian M. Taubel (Badgett) died intestate on November 1, 1958. Thomas J. Quinlan and Montgomery County Bank and Trust Company were appointed administrators of the estate. It is averred that her daughter, Andrea Badgett Taubel, is her sole heir. However, there is no averment that this has been judicially decided nor that an award of her entire estate has been made to Andrea.

Under date of March 10, 1960, a petition for discharge of Louis Gerstley, Jr., and the estate of Lillian M. Taubel, deceased, as executors of the estate of Clarence H. Taubel, was filed with this court, inter alia, by the administrators of the estate of Lillian M. Taubel, deceased, who are also petitioners in the present petition for declaratory judgment. This petition was granted and the executors were discharged. Significantly, the petition for discharge alleges, inter alia:

"4. That the entire estate [of Clarence Taubel] has been distributed to the creditors and parties entitled thereto, and no other property belonging to the estate has been received by petitioners or remains to be accounted for."

It is apparent, therefore, that on March 10, 1960, some of the present petitioners did not consider the

remainder interest in the instant trust as an asset of the estate of Clarence H. Taubel, nor as an asset of the estate of Lillian M. Taubel.

The petition for declaratory judgment avers that "The prompt determination of the proper party entitled to the remainder interest in this trust is important because it involves at least in part the determination of facts which should be litigated while all interested parties and all parties having knowledge of the facts are alive and available to the court." However, the petition contains no averment as to the identity of the "parties having knowledge of the facts," nor any other material averment with respect thereto. A further averment is made, however, that there is "uncertainty with respect to the effect of such asserted ownership of the remainder interest upon the determination of federal and state death taxes . . ." and that "The failure to resolve the antagonistic claims promptly and completely will lead to litigation, inconvenience and delays which might and can have serious adverse results upon the trust assets and work immediate and irreparable harm to the minor, Andrea Badgett Taubel." What the adverse results to the trust and irreparable harm to the minor may be is not alleged.

After a thorough study of the petition, in light of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, et seq., as amended, and the cases, we are of one mind that the petition completely fails to set forth requisite averments to warrant allowance of a declaratory judgment. We shall refer to several of the reasons which compel this conclusion.

(1) *Ordinarily, the Court will not determine who is entitled to the remainder of the trust while a valid life estate subsists*

The present petition is the second effort on the part of the guardians of the estate of the minor, Andrea

Badgett Taubel, to obtain a decision from this court as to who is entitled to the remainder interest in the instant trust. The first effort was a petition for review of Judge Bolger's adjudication of November 23, 1962. On December 6, 1963, we refused that petition in a unanimous opinion, reported in 32 D. & C. 2d 61. Therein we stated, inter alia, at page 64:

"It is well established that this court will not determine who is entitled to the remainder of a trust, while a valid life estate is subsisting: Quigley's Estate, 329 Pa. 281. . . .

\*     \*     \*

"Here, Julia, the life tenant, and the succeeding life tenant, Doris, are alive. The latter, being only 46 years of age, this trust may well subsist for another 25 or 50 years. No one can now predict when the trust will terminate, what will be the then amount of the principal of the trust, who will then be surviving, or other pertinent factors which will then exist. 'Sufficient unto the day is the evil thereof.' We adhere to the long established custom, adopted by our distinguished predecessors, not to determine at this time who will be entitled to the remainder in this case."

None of the averments in the present petition for declaratory judgment moves us to change our views with respect to the application of this well-established principle to the instant case. Moreover, as well stated by Chief Justice Bell in his dissenting opinion in Johnson Estate, 403 Pa. 476, 498:

"There is still another reason, although none is necessary, why the petition for a declaratory judgment should be dismissed. To allow it in this case where it is clear that petitioner has an established and adequate remedy and there is no peril to petitioner's claim nor any exceptional circumstances, would open wide the door to a myriad of declaratory judgment proceedings which would swamp our already greatly overburdened courts."

## (2) *No compelling and unusual circumstances here exist*

It is not for us to decide the case finally at this stage of it. However, after careful consideration of the petition and the briefs, we cannot refrain from observing that there is little, if any, merit in the claim of the petitioners.

The language of the bill of sale in the bankruptcy proceedings is clear and unequivocal. There appears to be no doubt that "the entire right, title, and interest of Clarence H. Taubel in and to the trust estate" which the trustee in bankruptcy conveyed, included whatever remainder interest Taubel had therein. This was conveyed absolutely to Philayork Corporation. Apparently, neither Taubel nor his second wife, Lillian, during their lives, nor any of their respective personal representatives had any doubt about this. None of them has claimed the remainder interest in this trust estate, or challenged the validity of the bankruptcy proceedings or the identity of the asset sold, although almost 30 years have passed since the sale.

The proper forum to attack the sale is the Federal bankruptcy court. In that court, the questions of the alleged ultra vires conduct of Philayork Corporation, the alleged violation of "attorney-client relationship," the alleged improper price of the asset, and the alleged "defects in the procedure of sale" should be raised. Significantly, if this attack on the sale in the bankruptcy court should be successful, which seems most unlikely, the beneficiaries thereof would be the unpaid creditors of Taubel; not the petitioners or Andrea Badgett Taubel.

Whether in this court or in the bankruptcy court, petitioners' challenge as to the validity of bankruptcy sale because of the inclusion of the spendthrift clause in the deed of trust is unsound. The deed clearly states that the $240,000 trust principal was paid by settlor,

Clarence H. Taubel. There is no allegation in the petition, or other indication of any kind, that prior thereto his wife, Julia, had any interest therein. It is hornbook law that a settlor cannot protect his assets or place his own interest therein beyond the reach of his creditors by a spendthrift clause: Murphey v. C. I. T. Corp., 347 Pa. 591; and Rienzi v. Goodwin, 249 Pa. 546. Hence the spendthrift clause did not protect or reserve any right of Taubel from the bankruptcy sale.

If Andrea Badgett Taubel, who was born long after the bankruptcy sale and is in no way related to Clarence H. Taubel, receives any part of this trust, it will be a complete windfall. She is a minor, who, counsel for petitioners state, will soon come of age, viz: on October 21, 1965. Yet, this allegedly urgent petition is brought by her guardians, despite the established principle of law that in a declaratory judgment proceeding all of the parties should be sui juris: Johnson's Estate, 403 Pa. 476, 489, quoting Kariher's Petition (No. 1), 284 Pa. 455, 471.

At the termination of the life estates, possibly many years from now, it will be the duty of this court to determine who is entitled to the principal of this trust under the then existing facts. The deed expressly provides that the remainder shall go to the estate of Clarence H. Taubel, since he will then be not alive. Hence, the question will then be whether his estate has rights superior to the purchaser of his assets at the bankruptcy sale. Therefore, the administrator d. b. n. c. t. a. of the estate of Clarence H. Taubel, hereafter to be appointed, will be the proper claimant on behalf of his estate, since, as stated supra, his executors have been discharged. Neither the administrators of Lillian's Estate, nor her intestate heir, Andrea, will be the proper parties to make this claim: Ginsberg Estate, 31 D. & C. 2d 623.

Finally, the present life tenant is entitled to receive not only the net income from the trust, but, in addition,

$2,500 per year from principal. No one can now foresee the duration of the trust, the amount of principal which will be consumed, the value of the assets which will constitute the principal at the termination of the trust, or the myriad of other facts which may become essential and develop during the balance of the life of this Trust.

It follows that there is no impelling reason to determine at this time who will be the ultimate remainderman.

(3) *Declaratory Judgment should not be granted "where there is a dispute of facts"*

As recited above, to set aside the bankruptcy sale, proof of facts that the subject matter of the sale was not the remainder interest of this trust, or proof of the other allegations of the petition must be adduced. Production of considerable evidence would be necessary to resolve these questions. However, "Factual questions are ordinarily not properly the subject in declaratory judgment . . .": Allstate Ins. Co. v. Seward, 407 Pa. 628, 631; and Mohney Estate, 416 Pa. 107. See Lakeland Joint School District Authority v. Scott Township Sch. D., 414 Pa. 451, 462.

It follows that declaratory judgment does not lie in this case.

(4) *To fix or dispose of death tax claims is not alone sufficient reason for declaratory judgment*

Pennsylvania Inheritance taxes ordinarily are owing only at the time the estate falls in. Petitioners have cited no authority to the effect that the rule as to Federal taxes is different. As appears above, the remainder of this trust will not be distributable until the death of the survivior of Julia C. Taubel and Doris Taubel Loring. Therefore, there is no emergency about this determination, nor will any harm in the meantime befall the trust, the income beneficiaries, or the remaindermen.

The wise words of Judge Gest, adopted by the Supreme Court in Straus' Estate, 307 Pa. 454, 458 are apposite:

" '. . . Many years may elapse before the present subsisting trusts terminate, and long before that period the right of the executors to appeal from any tax imposed on their interest in this estate, if any, would expire.' *Doubtless it would be more convenient for the executors to have us construe the will in advance, but this is by no means an adequate reason.* The allegation that it is necessary in order that the estate may be properly appraised for taxation, affords no sufficient reason for our action." (Italics supplied.)

### (5) *Precedent requires us to refuse declaratory judgment*

Petitioners rely upon Johnson Estate, 403 Pa. 476. In that case, a majority of the court decided that declaratory judgment proceedings were the proper remedy to determine who was the remainderman of the trust where the sole issue was interpretation of disputed language in the will. This was solely a question of law. There was no issue of fact. The parties were sui juris. Moreover, the court acted on the premise that the only bar to declaratory judgment proceedings was the availability of the audit at the termination of the life estates.

It is noteworthy that Chief Justice Bell wrote a strong dissenting opinion in Johnson Estate and that Mr. Justice Jones, who wrote the majority opinion in Johnson Estate, dissented in Mohney Estate, 416 Pa. 107, stating at page 111: "I believe the position taken by the *majority* of this Court on this subject is completely unsound."

It would appear, therefore, that the court has departed from the views set forth in Johnson Estate. Moreover, the court's refusal of declaratory judgment in a series of cases since Johnson Estate, viz.: Holt

Estate, 405 Pa. 244; McWilliams v. McCabe, 406 Pa. 644; State Farm Mutual Auto Insurance Co. v. Semple, 407 Pa. 572; Allstate Ins. Co. v. Seward, 407 Pa. 628, indicates that Johnson Estate is to be limited to its precise factual situation. It would appear, therefore, that we must be governed by Mohney Estate, rather than Johnson Estate, in deciding the present case.

It is clear from all of the foregoing that the instant petition for declaratory judgment should not be granted. However, this does not preclude the petitioners or Andrea Badgett Taubel, when she comes of age, from filing a petition with this Court for leave to perpetuate the testimony of any witness who is aged or ill.

Accordingly, the preliminary objections are sustained and the petition for declaratory judgment is dismissed.