Sheldrake Estate.

Argued January 13, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

552

*Melvin G. Levy,* with him *Stanley R. Kotzen,* and *McClenachan, Blumberg & Levy,* for appellant.

*Lewis B. Beatty, Jr.,* with him *Robert W. Beatty,* and *Butler, Beatty, Greer & Johnson,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 16, 1965:

Charles K. Sheldrake died testate November 8, 1959, possessed of an estate of over a million dollars. His will, dated August 14, 1959, was probated November 17, 1959. Testator created a trust which provided, inter alia, for a specific percentage of the net income to be paid to his widow, a specific percentage to his son and a specific percentage to his brother. Sheldrake's widow elected to take against the will, thereby raising the question of who should receive the share of the trust income which had been willed to her.

Although the decedent died in *November, 1959,* no account had been filed by the executors prior to January 16, 1963.*

On *January 16, 1963,* the executors filed a petition for a declaratory judgment asking the Court to decide

---

* The executors filed an account in *November, 1963.*

the percentage of income which was payable to decedent's son and the percentage which was payable to decedent's brother. An answer was filed and the parties entered into a stipulation of facts. After a hearing, Judge VAN RODEN filed on *July 6, 1964,* an Opinion and a Decree dated July 2, 1964, resolving these questions of income distribution. From this (so-called) Decree an appeal was taken by decedent's brother.

There was no justification for a declaratory judgment proceeding and the Decree must be vacated.

In *Mohney Estate,* 416 Pa. 107, 204 A. 2d 916, the Court said (pages 109-110): "Why declaratory proceedings were brought instead of the customary and appropriate way of filing an account and presenting the questions at the audit of decedent's account, was not disclosed. . . .

"(1) While the grant of a petition for a declaratory judgment is a matter of sound judicial discretion:

" 'This Court now adheres to the view that declaratory judgment proceedings must not be entertained if there exists another available and appropriate remedy, whether statutory or not: McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222; State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa. 572, 180 A. 2d 925.' Lakeland Joint School District Authority v. Scott Township School District, 414 Pa. 451, 200 A. 2d 748.

"In State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa., supra, the Court said (pages 574-575): 'The principles to guide the lower courts in determining whether or not a declaratory judgment proceeding should be entertained was recently clarified by this Court in McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222 (1962). Therein we declared, inter alia, (1) *that a declaratory judgment proceeding is not an optional substitute for established and available remedies;* (2) *that it should not be granted where a more*

*appropriate remedy is available;** (3) that it should not be granted unless compelling and unusual circumstances exist; (4) that it should not be granted where there is a dispute of facts, or such controversy may arise; and (5) that it should not be granted unless there is a clear manifestation that the declaration sought will be a practical help in terminating the controversy.' "

To allow a declaratory judgment proceeding in such a case where a long established and adequate remedy is not only available but also more appropriate would create doubt, uncertainty and possible confusion in Orphans' Court proceedings and is without any justification.

Decree vacated and petition dismissed without prejudice to present these questions at an audit of the Executors' account; each party to pay own costs.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

While I agree thoroughly with the views expressed in the excellent dissenting opinion of Mr. Justice ROBERTS, I must concur in the *result* reached in the majority opinion. The reason for my concurrence in the instant case is that a *statutory remedy* exists to determine the present controversy: under such circumstances declaratory judgment should not have been entertained.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

This suit was begun under the provisions of the Uniform Declaratory Judgments Act.[1] That eminent-

---

* Italics, ours.

[1] At the time the suit was begun, the pertinent statute was Act of June 18, 1923, P. L. 840, as amended by Acts of April 25, 1935, P. L. 72, and May 26, 1943, P. L. 645, 12 P.S. §§831-46. Section 6 provided: "Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists

ly important fact, which means that we are dealing with statutory interpretation, is not reflected in the majority result. Sight of that fact also seems to have been lost in a growing number of similar cases as well.

There is no special statutory remedy applicable in this case, and in the absence of such a remedy[2] I can see no reason why a declaratory judgment is not permissible and appropriate; there is manifest statutory

---

between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; *but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present;* but proceeding by declaratory judgment shall not be permitted in any case where a divorce or annulment of marriage is sought." (Emphasis supplied.)   (The section may be found in 12 P.S. §836 (1953)).

The stipulation of facts respecting the petition for declaratory judgment was filed on February 27, 1964, and the court filed its opinion and decree on July 6, 1964. Section 6 of the Act was again amended on July 25, 1963 by P. L. 305, §1, 12 P.S. 836 (Supp. 1964). The changes, which relate to tax controversies, are not pertinent to the subject matter in this case and in no way affect it.

[2] "Where . . . a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed. . . ."   §6, supra note 1.

authority for its use. It is difficult to conceive of clearer legislative language to embody the evident intent of the statute: to broaden the availability of declaratory judgments and to thereby provide an *alternative,* not an extraordinary, remedy.[3] It is equally difficult to discover any line of decisions which renders an obvious and legitimate legislative intendment more nugatory than this Court's recent decisions dealing with the availability of declaratory judgments. See generally Notes, Section 6 of Pennsylvania's Uniform Declaratory Judgments Act, 24 U. Pitt. L. Rev. 793 (1963).

The majority holds that a declaratory judgment proceeding is not an optional substitute for established remedies and that it may not be utilized where "a more appropriate remedy" is available. My fundamental objection to this conception of the remedy is that it flies squarely in the face of the statute's intent and language.[4] Section 6 expressly provides: "the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in

---

[3] See *Philadelphia Mfrs. Mut. Fire Ins. Co. v. Rose,* 364 Pa. 15, 22-23, 70 A. 2d 316, 319-20 (1950) ; Reader, Judicial Review of "Final" Administrative Decisions in Pennsylvania, 67 Dick. L. Rev. 1, 30 (1962). See also the excellent historical treatment of the remedy in *Johnson Estate,* 403 Pa. 476, 171 A. 2d 518 (1961).

[4] *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222 (1962), from which the Court gleans these rules, seems squarely at odds with *Johnson Estate,* 403 Pa. 476, 171 A. 2d 518 (1961). See the opinion of Mr. Justice JONES concurring and dissenting in *McWilliams v. McCabe,* 406 Pa. 644, 658, 179 A. 2d 222, 229 (1962) ; Notes, 24 U. Pitt. L. Rev. 793, 801-02 (1963).

See also note 3, supra.

any case where the other essentials to such relief are present. . . ."[5]

A declaratory judgment proceeding is so useful a tool and the Legislature has so patently fostered its use, that I greatly regret the majority's opinion proceeding as though the statute never existed. The time has long since passed when this legislatively created, helpful and sound method of adjudication should be fully utilized.[6]

---

[5] Supra, note 1.

[6] "It is likely that with a policy of judicially broadened acceptance of declaratory suits, court time will be saved by the forestalling of many suits based on conduct founded on originally incorrect premises. The Uniform Declaratory Judgments Act procedure might be looked on as 'preventive medicine' in our repertory of legal remedies and should be 'shaken well' and applied in large doses." (Footnote omitted.) Notes, Section 6 of Pennsylvania's Uniform Declaratory Judgments Act, 24 U. Pitt. L. Rev. 793, 806 (1963).

"As said by Congressman Gilbert in 69 Cong. Rec. 2030 (1928), under declaratory judgment proceedings the court is not required to tell 'the prospective victim that the only way to determine whether the suspect is a mushroom or a toadstool is to eat it.'" Laub, Penna. Keystone, Declaratory Judgments §1 (1964).