Carlsson, Appellant, *v.* Pennsylvania General Insurance Company.

Argued January 8, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul D. Shafer, Jr.,* with him *Shafer, Shafer & Dornhaffer,* for appellants.

*Paul E. Allen,* with him *Stuart A. Culbertson,* for insurance company, appellee.

OPINION BY MR. JUSTICE EAGEN, March 22, 1965:

This is an appeal from an order below dismissing a petition for a declaratory judgment. Involved is the interpretation of the terms of a policy of liability insurance and a determination of the insurance carrier's responsibility under the contract, in connection with two personal injury actions arising out of an automobile collision. The petitioners, defendants in the last mentioned actions, seek a judgment herein directing the insurance company who issued the policy to defend the claims and pay any loss resulting therefrom.

Under the facts of record, it is clear that an action for a declaratory judgment does not lie. First, at least one other interested party who could be affected by the judgment is not a party to the proceedings,[1] and, secondly, a more appropriate remedy is available to fully protect the rights of all involved. If the insurance company is in violation of its contract, an adequate remedy at law exists wherein any resulting loss incurred can be recovered. See, *McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222 (1962), and *Greenberg v. Blumberg*, 416 Pa. 226, 206 A. 2d 16 (1965).

The proceedings, however, present an unusual twist. The petition and answer raising questions of law were presented for decision to the late Honorable HERBERT A. MOOK, President Judge of the 30th Judicial District, during his lifetime. Before his death, he prepared an order dismissing the petition and an accompanying opinion stating the reasons therefor. The order was not signed or filed during his lifetime. Subsequently, his successor in office directed that the order of Judge MOOK be filed the same as if he had signed and entered

---

[1] This is a fatal defect. See, Act of June 18, 1923, P. L. 840, §11, as amended, 12 P.S. §841, and *Keystone Insurance Co. v. Warehousing & Equipment Corp.*, 402 Pa. 318, 165 A. 2d 608 (1960).

it during his tenure in office.[2]  This last mentioned order was obviously erroneous.  However, since on appellate review we must first determine the availability of the proceedings,[3] and it is clear that the action should not be entertained, we enter the following order.

Order vacated.  Proceedings dismissed.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:

For the reasons set forth in my dissenting opinion in *Sheldrake Estate,* 416 Pa. 551, 207 A. 2d 802 (1965), I dissent from the second premise upon which the majority's action is based.

Mr. Justice JONES joins in this opinion.

---

[2] It was not adopted as the decision and order of the court below then in existence.

[3] See, *Stevenson v. Stein,* 412 Pa. 478, 195 A. 2d 268 (1963).