Southeastern Pennsylvania Transportation Authority *v.* Philadelphia Transportation Company, Appellant.

Argued October 12, 1965. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen, O'Brien and Roberts,
JJ.

*Ernest R. von Starck* and *Arthur Littleton*, with
them *Robert H. Young*, and *Morgan, Lewis & Bockius*,
for appellants.

*William T. Coleman, Jr.* and *Lewis H. Van Dusen,
Jr.*, with them *Richardson Dilworth*, *David P. Bruton*,
and *Dilworth, Paxson, Kalish, Kohn & Dilks*, and
*Drinker, Biddle & Reath*, for appellees.

*Matthew W. Bullock, Jr.*, Second Deputy City So-
licitor, and *Edward G. Bauer, Jr.*, City Solicitor, with
them *Gerald Gornish*, Assistant City Solicitor, for City
of Philadelphia, appellee.

Opinion Per Curiam, November 29, 1965:
This is a declaratory judgment proceeding seeking
a determination: (1) of the validity and enforceability
of a provision in a contract consummated in 1907, as
amended, giving the City of Philadelphia the right to

purchase "all the property and franchises" of the Philadelphia Transportation Company; and, (2) the formula to be applied in determining the purchase price, as provided for in the contract.

This appeal, under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, questions the jurisdiction of the court to resolve the issues involved in a declaratory judgment proceeding.

Our examination of the record is convincing that the lower court properly overruled the jurisdictional objection, and that every issue, presently pertinent, is correctly and adequately answered in the excellent opinion of the court below.

Order affirmed.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

It is apparent from the written record and certainly from the oral argument that this case is bristling (1) with disputes and conflicts of many material and complex facts,* and (2) with mixed questions of fact and law, and (3) with a number of highly controversial legal issues which are not "decidable" in this proceeding. Under such circumstances, or, indeed, if a dispute as to material facts exists "or such controversy may arise," or if another appropriate remedy is available, we have always hitherto held that a declaratory judgment proceeding will not lie. *Sheldrake Estate,* 416 Pa. 551, 553, 207 A. 2d 802; *Mohney Estate,* 416 Pa. 107, 109, 204 A. 2d 916; *Carlsson v. Pa. General Ins. Co.,* 417 Pa. 356, 207 A. 2d 759; *State Farm M. A. Ins. Co. v. Semple,* 407 Pa. 572, 180 A. 2d 925; *Allstate Ins. Co. v. Seward,* 407 Pa. 628, 631, 182 A. 2d 715. See also: *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222; *Keystone Ins. Co. v. Warehousing and Equipment Corp.,* 402 Pa. 318, 320-322, 165 A. 2d 608; *Stofflet &*

---

* This involved a total of over $15,000,000.

*Tillotson v. Chester Housing Authority,* 346 Pa. 574, 578, 31 A. 2d 274.*

In *Sheldrake Estate,* 416 Pa., supra, the Court, quoting from *Mohney Estate,* 416 Pa., supra, said (pages 553-554) : " '(1) While the grant of a petition for a declaratory judgment is a matter of sound judicial discretion:

" ' "This Court now adheres to the view that declaratory judgment proceedings must not be entertained if there exists another available and appropriate remedy, whether statutory or not: McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222; State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa. 572, 180 A. 2d 925." Lakeland Joint School District Authority v. Scott Township School District, 414 Pa. 451, 200 A. 2d 748.

" 'In State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa., supra, the Court said (pages 574-575) : "The principles to guide the lower courts in determining whether or not a declaratory judgment proceeding should be entertained was recently clarified by this Court in McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222 (1962). Therein we declared, inter alia, (1) that a declaratory judgment proceeding is not an optional substitute for established and available remedies; (2) that it should not be granted where a more appropriate remedy is available; (3) that it should not be granted unless compelling and unusual circumstances exist; (4) that it should not be granted where

---

* *Stevenson v. Stein,* 412 Pa. 478, 195 A. 2d 268, is clearly distinguishable because, as the Court in that case said (page 481) : ". . . it is clear that this is an unusual and not the 'ordinary' case. Moreover, no other 'appropriate' remedy is available." Furthermore, *Lakeland Jt. Sch. D. A. v. Scott Twp. Sch. D.,* 414 Pa. 451, 200 A. 2d 748, which is relied upon by the lower Court, is clearly distinguishable, not only because of its very unusual facts but also and more importantly because "there is no other appropriate and available remedy nor are any facts in dispute."

there is a dispute of facts, or such controversy may arise; and (5) that it should not be granted unless there is a clear manifestation that the declaration sought will be a practical help in terminating the controversy." ' "

The majority now ignore, evade, undermine and impliedly overrule over a half-dozen recent decisions of this Court and the tests and principles therein set forth. This is especially regrettable and unjustifiable because Equity furnishes—what this declaratory judgment proceeding does not and admittedly cannot possibly furnish—a full, adequate, complete and final remedy. This can be attained by, and only by, a complaint for specific performance with appropriate prayers.

Moreover, a declaratory judgment proceeding will not lie for the additional reason that all indispensable parties have not been joined in this proceeding: *Carlsson v. Pa. General Ins. Co.,* 417 Pa., supra (pp. 356, 357); *Mohney Estate,* 416 Pa., supra (p. 110); *Ladner v. Siegel,* 294 Pa. 368, 372, 144 Atl. 274.

For each and all of these reasons, I strongly dissent.