## Mains *v.* Fulton, Appellant.

Argued September 27, 1966.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James C. Evans,* with him *Evans, Ivory & Evans,* for appellants.

*Andrew L. Weil,* with him *Weil & Weil,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 22, 1966:

Defendants James C. Fulton and Virginia W. Fulton, his wife, appeal to this Court from a final judgment of the Court below in favor of plaintiffs Charles W. Mains and Ethel Mains, his wife, in declaratory judgment proceedings.

On July 1, 1960, the developers of an area known as Driftwood Acres in O'Hara Township, Allegheny County, filed of record their plan for the development of that area.   The plan shows the easement of a 30-foot right of way for the transmission lines of Duquesne

Light Company, in part across the rear or northerly ends of six lots including part of defendants' property.

In June, 1964, plaintiffs contracted with Duquesne Light Company to relocate its lines so that thereafter they would occupy, inter alia, the 30-foot right of way which was partly over defendants' property. When defendants refused Duquesne permission to erect its lines across their property and denied the legal existence of the right of way shown in the plan, Duquesne refused to proceed further in the relocation of its lines.

Plaintiffs thereupon brought this declaratory judgment proceeding to determine whether or not *in fact* and in law Duquesne possessed the easement across defendants' property. Duquesne was named as one of the defendants in these proceedings. At the trial, the Court submitted six *factual* questions to the jury, and thereafter gave judgment for the plaintiffs.

In *Sheldrake Estate,* 416 Pa. 551, 207 A. 2d 802, the Court said (pages 553-554) : " '(1) While the grant of a petition for a declaratory judgment is a matter of sound judicial discretion: "This Court now adheres to the view that declaratory judgment proceedings must not be entertained if there exists another available and appropriate remedy, whether statutory or not: McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222; State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa. 572, 180 A. 2d 925." Lakeland Joint School District Authority v. Scott Township School District, 414 Pa. 451, 200 A. 2d 748.*

" 'In State Farm Mutual Automobile Insurance Co. v. Semple, 407 Pa., supra, the Court said (pages 574-575) : "The principles to guide the lower courts in determining whether or not a declaratory judgment proceeding should be entertained was recently clarified by

---

* Plaintiffs could have proceeded by an action in equity or by an action at law to quiet title.

this Court in McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222 (1962). Therein we declared, inter alia, (1) *that a declaratory judgment proceeding is not an optional substitute for established and available remedies;* (2) *that it should not be granted where a more appropriate remedy is available;** (3) that it should not be granted unless compelling and unusual circumstances exist; (4) *that it should not be granted where there is a dispute of facts,*** or such controversy may arise; and (5) that it should not be granted unless there is a clear manifestation that the declaration sought will be a practical help in terminating the controversy.' ' "

Moreover, declaratory judgment proceedings will not lie unless all the parties having an interest in the issue are joined: *Mohney Estate,* 416 Pa. 107, 204 A. 2d 916; *Carlsson v. Pa. General Ins. Co.,* 417 Pa. 356, 207 A. 2d 759; *Bracken v. Duquesne E. & Mfg. Co.,* 419 Pa. 493, 215 A. 2d 623. In this case, as all the parties in interest were not joined,*** it is clear that a declaratory judgment proceeding will not lie.

Judgment vacated.

Mr. Justice COHEN and Mr. Justice ROBERTS concur in the result.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

I am still of the opinion that if there is a *statutorily* provided remedy, such remedy *must* be pursued, but if there is simply another available remedy not statutorily provided, the existence of such remedy should be only *one factor,* not the *only factor,* to be weighed by the court in determining whether declaratory judgment will lie. See: dissenting opinion in *McWilliams v. Mc-*

* Emphasis added in *Sheldrake Estate* Opinion.
** Italics, ours.
*** Certainly all other owners in the development of Driftwood Acres had an interest and none were joined.

*Cabe,* 406 Pa. 644, at pp. 658-661. To the extent the majority opinion rests the disposition of this appeal on the rule enunciated by the majority opinion in *McWilliams v. McCabe,* supra, I must register my dissent.

Moreover, the majority opinion takes the flat position that declaratory judgment will not lie where there is a dispute of facts. This position seems to overlook the fact that the Declaratory Judgments Act (Act of June 18, 1923, P. L. 840, §1 et seq., 12 P.S. §831) was supplemented by the Act of May 22, 1935, P. L. 228, §6, 12 P.S. §852, which provides for the trial, by jury or the court without a jury, of issues of fact in a declaratory judgment proceeding. I would take the position that *ordinarily* the existence of a dispute of facts should be a factor to be weighed heavily in the exercise of a court's discretion as to whether to entertain declaratory judgment. See: *Ladner v. Siegel,* 294 Pa. 368, 144 A. 274; *Keystone Ins. Co. v. W. & E. Corp.,* 402 Pa. 318, 322, 165 A. 2d 608. To the extent that the majority opinion states that the existence of a dispute of fact *always* and *solely* proscribes declaratory judgment I must register my dissent.

However, since all the parties in the issue sought to be determined by this proceeding are not parties hereto, I agree with the *result* reached in the majority opinion.