Lowrey et ux., Appellants, *v.* Harvard, Inc.

Argued May 3, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Olan B. Lowrey,* for appellants.

*David S. Katz,* for appellees.

OPINION BY MR. JUSTICE EAGEN, June 28, 1971:

Alleging that the defendants had breached a contract entered into with the plaintiffs involving the sale of real estate, a petition was filed in the court below seeking a declaratory judgment. The petition requested the court to define the rights of the plaintiffs under the contract; to issue an injunction enjoining the defendants from denying the existence of the contract and from evicting the plaintiffs from possession of the property involved; to rescind the contract; to enforce specific performance of the contract; and to award the plaintiffs damages both compensatory and exemplary.

Following the filing of preliminary objections to the petition, the court permitted an amended petition to be filed, which was done. The only change of substance in the new pleading was the deletion of the request for injunctive relief. Subsequently, the court sus-

tained preliminary objections to the amended petition in the nature of a demurrer and dismissed it "with prejudice." Later, the plaintiffs filed a petition seeking the entry of a default judgment for the alleged reason that the preliminary objections to the petition were filed too late. This petition was denied, and the plaintiffs then filed this appeal.

It is patently obvious from the record that a dispute of facts is involved. This in and of itself precluded the court from entertaining jurisdiction of the petition for a declaratory judgment. Cf. *State Farm M. A. Ins. Co. v. Semple,* 407 Pa. 572, 180 A. 2d 925 (1962). Hence, the court correctly dismissed the petition, but inadvertently included in its order the words "with prejudice."

The contention that the court erred in refusing to enter a default judgment is devoid of merit.

As modified, the order of the court below dismissing the petition for a declaratory judgment is affirmed.

Mr. Justice ROBERTS and Mr. Justice POMEROY concur in the result.

Mr. Justice JONES and Mr. Justice BARBIERI took no part in the consideration or decision of this case.