## Shapiro v. Levin

*Ronald H. Sherr*, for petitioner.

*Neil Hurowitz*, contra.

HONEYMAN, J., April 25, 1972.—On April 22, 1971, Alvin N. Shapiro filed a petition for a declaratory judgment. Respondents, Albert Levin and Tema G. Levin, filed preliminary objections in nature of demurrer on May 17, 1971. The court en banc dismissed defendants' preliminary objections on September 22, 1971, and, thereafter a responsive answer was filed. The trial on the matter was held January 18, 1972, and briefs submitted.

### FINDINGS OF FACT

1. Petitioner is the legal owner of premises 58 North Roberts Road, Lower Merion Township, Montgomery County, Pa., by reason of agreement of sale dated October 14, 1970, between Alvin N. Shapiro and Gregory A. D'Angelo and Jeannette M. D'Angelo, his wife, and Joseph T. Buckley and Marion B. Buckley, his wife. Title was taken in August 1971.

2. Respondents are owners of premises 1014 Montgomery Avenue, Lower Merion Township, Montgomery County, Pa., having acquired title to said property by deed dated December 1, 1969, and recorded December 3, 1969.

3. Premises 58 North Roberts Road and 1014 Mont-

gomery Avenue are neighboring tracts with a common boundary and a common grantor.

4. Premises 58 North Roberts Road, Lower Merion Township, Montgomery County, Pa., is subject to a certain deed restriction as contained in a deed recorded September 9, 1902, which deed restriction states as follows:

"UNDER AND SUBJECT, however to the conditions and restrictions hereinafter contained and the said grantee for himself his heirs and assigns does accept this grant upon and subject to the said conditions and restrictions to wit: That the said grantee, his heirs and assigns owners and occupiers of the above described lots of ground shall and do at all times hereafter forever leave unbuilt upon and unobstructed those portions thereof which front on said Montgomery Avenue and on said Roberts Road for the depth of thirty feet; that on the remaining portions of said hereby granted premises he or they shall not at any time hereafter erect more than one dwelling house which shall cost at least Four Thousand Five hundred Dollars to construct and one stable appurtenant thereto; . . ."

5. Petitioner now intends to erect an eight-unit apartment building on said premises, with a basement garage for parking. (At hearing, the contemplated plan included 11 dwelling units.)

6. The property is roughly 100 feet by 150 feet in size. There is presently an old three-story house on the premises.

7. Petitioner presently has $55,000 invested in the property.

8. Petitioner contemplates starting the project in two months.

9. Respondents oppose the proposed construction of the apartment house.

10. Respondents' deed to 1014 Montgomery Avenue contains the same restrictive covenant and comes from the same grantor as petitioner's premises, 58 North Roberts Road.

## ISSUES PRESENTED

1. Is a declaratory judgment the proper method to determine whether a proposed property use violates deed restrictions?

2. Does the term "one dwelling house" encompass an eight-unit apartment house?

## DISCUSSION OF LAW

The Pennsylvania Supreme Court set down guidelines for the use of declaratory judgments in Mohney Estate, 416 Pa. 107 (1964). Declaratory judgments should only be used when there are: compelling and unusual circumstances, no dispute as to facts, no more appropriate remedy and a manifestation that the declaration sought will be a practical help in ending the controversy.

The court feels that the petition meets these conditions. There is no dispute as to the facts. Petitioner has no other appropriate remedy. Petitioner would have to demolish his existing structure and commence building and then defend against injunctions and actions for damages by those able to enforce the deed restriction. Petitioner's position is a compelling and unusual circumstance. He has invested $55,000 in the property, and faces the possibility of demolishing the present structure and commencing to build his apartment house only to have the deed restriction thereafter prevent the proposed structure. The Pennsylvania Supreme Court has allowed declaratory judgments interpreting deed restrictions: Baederwood, Inc. v. Moyer, 370 Pa. 35, and Congregational Conference Appeal, 352 Pa. 470.

The second issue is whether the term "one dwelling house" in a deed restriction would permit the erection of an eight-unit apartment house. In Bennett v. Lane Homes, Inc., 369 Pa. 509 (1952), the Supreme Court rejected the contention that the term "not more than one house" would include a 34-unit apartment house. The court stated "The only way this restriction could be clearer would be for it to read: 'Not more than one dwelling house.' " The court felt that was the intention of the parties at the time of the creation of the restriction. It is difficult to interpret the term "one dwelling house" as having been intended to encompass an eight-unit apartment building. The lot in question is about one-third of an acre. The court finds the case of Bennett v. Lane to be controlling. The court concludes that the deed restriction would not permit an eight-unit apartment.

In Ratkovitch v. Randell Homes, Inc., 403 Pa. 63 (1961), the court stated, at page 68:

"The scope and meaning of the restrictive phrase 'not more than one house shall be erected' is primarily a question of intention."

The court allowed the erection of a four-dwelling unit structure and two duplexes on each of three lots but recognized that different restrictive language and a different factual situation might dictate a different result as in Bennett v. Lane. In Kauffman v. Dishler, 380 Pa. 63 (1955), the restriction provided, inter alia: ". . . not more than one house, same to be detached or semi-detached and private garage . . . on each lot." The court permitted the construction of three-dwelling unit structures on each lot (these units included a basement dwelling, and one on each of the first and second floors). However, in distinguishing the earlier Bennett case, the Supreme Court said, at pages 69-70:

"A 34-family apartment building is *not,* in ordinary parlance, a 'house,' but a two story structure practically identical in size and appearance with all the other houses on the block *is* a house, even though it may be referred to as an 'apartment house' if it accommodates two or three families."

In all other cases cited by counsel or reviewed by the court, this same distinction appears to have been applied with the exception of Gagliardi v. Shender, 28 D. & C. 2d 164 (1962), wherein an 11-unit apartment building was permitted in the face of a restriction which stated, inter alia, "no building . . . shall be used for any other purpose whatever except as for private dwellings or residential purposes . . ." Judge Sporkin concluded that the intention of the common grantor in using such language contemplated multiple family dwellings. None of the other cases had this language which clearly must be interpreted in the disjunctive.

In this case, the deed restriction was for one dwelling house and a stable appurtenant thereto. The lot was about one-third of an acre. These two facts would fully justify the conclusion that an eight-unit apartment building with underground garage would be violative of this restriction.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and the cause.

2. A declaratory judgment is the appropriate remedy in this case.

3. The term "one dwelling house . . . and one stable appurtenant thereto" in a deed restriction would be violated by an eight-unit apartment house with underground garage.

## DECREE

And now, this April 25, 1972, the petition for declaratory judgment is dismissed, costs on plaintiff.