Mid-Centre County Authority *v.* The Township of Boggs et al. Interstate Travellers Service, Inc., a/k/a Tri-County Oil Company, Inc., Appellant.

Mid-Centre County Authority *v.* The Township of Boggs et al. Township of Boggs and the Boggs Township Authority, Appellants.

Submitted on briefs, December 9, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John W. Blasko*, with him *McQuaide, Blasko & Brown, Inc.; Harold Rosenn;* and *Rosenn, Jenkins & Greenwald*, for Interstate Travellers Service, Inc.

*David A. Flood*, Boggs Township Solicitor, with him *Litke, Gettig, Flood, Lee & Martin*, for Township of Boggs and Boggs Township Authority.

*John R. Miller*, with him *Miller, Kistler & Campbell, Inc.*, for Mid-Centre County Authority.

OPINION BY JUDGE BLATT, March 29, 1978:

This is an appeal from an order of the Court of Common Pleas of Centre County which granted proceedings on a declaratory judgment petition filed by the Mid-Centre Authority (Plaintiff-Authority).

The Plaintiff-Authority is a joint municipal authority organized in 1969 by Boggs Township and Milesburg Borough for the purpose of providing regional sewerage service. In 1970, it completed an

engineering design for the proposed regional system but completion has been delayed for various reasons by state and federal regulatory authorities. Now, however, the time has come for securing construction bids, but the Plaintiff-Authority cannot proceed because of intervening agreements consummated between Boggs Township (Township), the Boggs Township Authority (Township Authority) and a land developer, the Interstate Travellers Service, Inc., also known as Tri-County Oil Company, Inc. (ITS).

These intervening agreements resulted from the adoption of a resolution by the Township Authority on September 15, 1971, which granted permission to ITS to construct a temporary, interim sewerage treatment plant to be abandoned and conveyed to the Township Authority when the Plaintiff-Authority was ready to provide the proposed regional service. This plant was, of course, subject to approval and regulation by the Pennsylvania Department of Environmental Resources (DER). On October 10, 1973, an agreement was consummated between the Township Authority and ITS which provided that ITS would construct its interim plant, which would later be sold at cost to the Township Authority, and another agreement was made on October 7, 1975 providing that ITS convey the interim plant to the Township Authority for $250,000. The plant was then leased to the Township under an agreement of the same date. In June of 1976, DER indicated that although the interim ITS facility had been approved in order to allow development in the township to proceed, it thought that the Plaintiff-Authority project should be constructed at the earliest possible date because the ITS plan was not a viable alternative to the necessary comprehensive regional wastewater management plan. In July of 1976, therefore, the Town-

ship adopted a resolution to join with the Plaintiff-Authority for the creation of the regional sewerage treatment facility but it required that the Plaintiff-Authority purchase the township sewer plant, the interim plant built by ITS, for not less than $220,000, after which the Township would adopt the necessary ordinances authorizing the Plaintiff-Authority to proceed.

The consulting engineers for the Plaintiff-Authority have now concluded that it is not economically feasible or sound from an engineering point of view to utilize the interim plant and system and have advised that it should be abandoned when the permanent system is completed. The Plaintiff-Authority is ready to secure construction bids but it cannot do so because of the conditions imposed. It has, therefore, filed a petition under the Uniform Declaratory Judgments Act[1] (Act) seeking to determine the rights, status and legal obligations of the Township, the Township Authority and ITS under their various agreements concerning the interim plant.

In determining the appropriateness of a declaratory judgment action, a threshold decision must be made as to whether or not the essential elements indicated in Section 6 of the Act are present: *i.e.*, that

(1) an actual controversy exists between contending parties, or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such

---

[1] Act of June 18, 1923, P.L. 840, *as amended*, 12 P.S. §831 et seq.

asserted relation, status, right, or privilege by an adversary party . . . and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding.

12 P.S. §836.

The court below held that there was a controversy here, that the claims are such that, if not decided, they will without question give rise to further litigation, that the legality of the agreement between the defendants must be determined and, that the proceeding in the form of a declaratory judgment was, therefore, a proper one. The defendants maintain that the lower court abused its discretion in exercising jurisdiction over this proceeding because: the Plaintiff-Authority is not a "person interested" within the meaning of the Act, because there is no "controversy," and that, even if there is a controversy here, the action would not settle all the controversies among the parties, because several state and federal regulatory agencies are indispensable parties who have not been joined in this proceeding, and because there are other available statutory remedies. The Plaintiff-Authority maintains on the other hand that it has an interest entitling it to bring the declaratory judgment petition, citing Section 2 of the Act:

Any person interested under a . . . written contract . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

12 P.S. §832.

Although the Plaintiff-Authority is not a party to the agreement between the Township Authority and ITS relative to the construction and acquisition of the interim plant, it maintains that the agreement does indeed affect its rights and status, because the Township and the Township Authority rely on that agreement to impose the condition requiring the Plaintiff-Authority to purchase the interim plant.

We believe that the interest cited by the Plaintiff-Authority is more than a remote or speculative interest, and is an interest peculiar to the Plaintiff-Authority. We also believe, therefore, that it has an interest entitling it to bring the instant action. *See Kaufman v. Osser*, 441 Pa. 150, 271 A.2d 236 (1970). As in the case of *White Oak Borough Authority v. McKeesport*, 379 Pa. 266, 108 A.2d 760 (1954), where the White Oak Authority sought a clarification of rights under an agreement between the City of McKeesport and the Township of Versailles, and our Superior Court held that a suit in equity should be dismissed because there was a proper and adequate remedy at law in the form of a declaratory judgment, we believe that resort to the Declaratory Judgment Act is proper here.

The defendants argue that a "present controversy" does not exist because actions are involved which may or may not be taken in the future. They cite as an example that the Plaintiff-Authority has not yet established the costs of the projected regional service and that the Township therefore cannot yet approve its construction. On a similar issue, our Supreme Court has said:

> If differences between the parties concerned, as to their legal rights, have reached the state of antagonistic claims, which are being actively pressed on one side and opposed on the other,

an actual controversy appears; where, however, the claims of the several parties in interest, while not having reached the active stage, are nevertheless present, and indicative of threatened litigation in the immediate future, which seems unavoidable, the ripening seeds of a controversy appear.

*Lakeland Joint School District Authority v. Scott Township School District,* 414 Pa. 451, 456-57, 200 A. 2d 748, 751 (1964).

The fact that the major steps of construction and financing remain to be taken does not change the fact that a controversy now exists. *See Lakeland Joint School District Authority v. Scott Township School District, supra.* Furthermore, the prime purpose of the Act is to render "practical help" by means of a judicial declaration as to the respective rights and liabilities of the parties before the situation develops into such that any more funds might be expended unnecessarily. *See Girard Trust Co. v. Tremblay Motor Co.,* 291 Pa. 507, 140 A. 506 (1928). We believe, therefore, that under the circumstances of the case at bar, a present controversy exists within the purview of the Act.

The defendants alternatively argue that the lower court should not have assumed jurisdiction because this proceeding will not settle any controversy among the parties but will merely substitute the Court's judgment and discretion for that of the Township and the Township Authority. The law is clear, however, that declaratory relief may be obtained to determine the validity and effect of the acts of public officials and to determine the validity and enforceability of agreements consummated by public officials. *Southeastern Pennsylvania Transportation Authority v. Philadelphia Transportation Company,* 419 Pa. 471, 214 A.2d

632 (1965). What is sought here is a determination of the rights, duties and status of the parties under the agreement at issue whereupon the controversy over agreements will be settled and the plans for the regional sewer system may finally be implemented.

The defendants also argue that this action must fail because the Plaintiff-Authority has failed to join DER as an indispensable party, and it is true that the law does require that all interested parties who could be affected by a declaratory judgment action be joined therein. *Mains v. Fulton,* 423 Pa. 520, 224 A.2d 195 (1966); *Carlsson v. Pennsylvania General Insurance Company,* 417 Pa. 356, 207 A.2d 759 (1965). However, even though DER would be affected by a decision as to the legal status of the parties regarding the agreement here, its sole interest in the dispute concerns the identity of the party who would ultimately be responsible for complying with DER regulations. Its interest, therefore, is indirect and not such a particular legal interest as would require its joinder.

The defendants argue, too, that other statutory remedies are available, such as proceedings under the Eminent Domain Code,[2] or an appeal of the DER order. And it is true that the Act bars declaratory judgment proceedings if another available and appropriate remedy exists. *Bierkamp v. Rubinstein,* 432 Pa. 89, 246 A.2d 654 (1968); *Mains v. Fulton, supra; Greenberg v. Blumberg,* 416 Pa. 226, 206 A.2d 16 (1965); *Lakeland Joint School District Authority v. Scott Township School District, supra.* However, the remedies suggested by the defendants here would not determine legal status and obligations of the parties under these various agreements at issue. Moreover, this Court has previously held in a similar situa-

---

[2] Act of June 22, 1964, P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

tion involving sewer authorities' agreements, that the determination of such a matter of importance to the public should be made in answer to a declaratory judgment petition. *Butler Area Sewer Authority v. Northwest Sanitary Sewer System Authority*, 3 Pa. Commonwealth Ct. 76, 281 A.2d 87 (1971). Moreover, the granting or refusal of a petition for declaratory judgment is a matter which lies within the sound judicial discretion of the lower court. *Kahn v. Wm. Goldman Theatres, Inc.*, 341 Pa. 32, 35, 17 A.2d 340 (1941); *McWilliams v. McCabe*, 406 Pa. 644, 179 A.2d 222 (1962).

We do not believe that the lower court abused its discretion here in granting proceedings in the form of a declaratory judgment action.

ORDER

AND Now, this 29th day of March, 1978, the order of the Court of Common Pleas of Centre County at 76-1602, that the above-captioned case proceed as a declaratory judgment action, is hereby affirmed.