## Abel Estate

*Robert F. Shapiro,* for accountant.
*Leon A. Miller,* for Doris F. Abel Rothermal.

MUTH, P. J., May 3, 1973.—The National Central Bank, one of the executors of the last will and testament of William M. Abel, deceased, has filed its petition for a declaratory judgment. Decedent died, testate, on February 26, 1973, and in his last will and testament directed certain distributions which are to begin one month from the date of his death.

The problem concerns the provisions of paragraphs 2, 3 and 4 of the last will and testament of testator. They are as follows:

"2. All of the rest, residue and remainder of my Estate, of whatever kind and wherever situate, I direct my Executors to convert into cash as they, in their sole discretion, deem to be most advantageous to my Estate, and I give, devise and bequeath my said residuary Estate unto the READING TRUST COMPANY, a banking institution, with its principal place of business in Reading, Berks County, Pennsylvania, in

Trust, nevertheless, to invest and re-invest the trust Estate as it deems most advisable. I further direct that, beginning ONE (1) month from the date of my death, it shall distribute from the income and principal of the trust Estate, the sum of TWO HUNDRED DOLLARS ($200.00) per month to the following beneficiaries:

"A. My sister, FRANCES VOLLMER, of R. D. No. 1, Fairview Drive, Leesport, Berks County, Pa.

"B. My sister, MARGARET DOWDRICK, of 219 Center Street, Duncannon, Perry County, Pa.

"C. To my very good friend, LAURA LOUDEN, of 915 North High Street, Duncannon, Perry County, Pa.

"3. I direct that my Trustee distribute the aforesaid TWO HUNDRED DOLLARS ($200.00) monthly sum from my Trust Estate to the above THREE (3) named beneficiaries until their deaths or until said Trustee's fund shall be depleted as a result of the distribution therefrom, as herein provided.

"4. In the event the above THREE (3) named beneficiaries have died and the within created trust Estate has not been depleted, I direct that the balance of said trust Estate be divided, in equal shares, unto my TWO (2) nieces, MARIAN RUTH ABEL HARDY, of Alexandria, Virginia; and DORIS FERN ABEL ROTHERMAL of 531 Buttonwood Street, Reading, Berks County, Pennsylvania, daughters of my deceased brother, NICHOLAS ABEL, JR., or the survivor of them, absolutely."

The distribution referred to are monthly payments of $200 to a sister, Frances Vollmer, a sister, Margaret Dowdrick, and a friend, Laura Louden. These beneficiaries are respectively 72, 70 and 69 years of age.

The problem presented by the petition of the Na-

tional Central Bank revolves around an interpretation of the will of decedent, particularly concerning the distribution of $200, each, monthly, to the three beneficiaries named. The question is, shall distribution of $200 be made monthly to each of the beneficiaries, or to be divided between them.

The petition for declaratory judgment in the within matter is proper under the provisions of the Act of June 18, 1923, P. L. 840, sec. 1, et seq., 12 PS §831, et seq., as amended, since testator in his will directs distribution to begin one month after death and the problem of such distribution cannot await the accounting and adjudication of the estate of decedent. An adequate remedy at law is not immediately available and would create doubt and confusion with reference to distribution: Sheldrake Estate, 416 Pa. 551, and Carter Estate, 435 Pa. 492.

Robert F. Shapiro, Esq., attorney for testator, testified that his instructions from decedent were to provide for distribution of $200, per month, to each of the three beneficiaries mentioned, and that in preparing the will, the word "each" apparently was inadvertently omitted. The total amount of the estate of decedent is $52,916.89. In view of the ages of the beneficiaries and in view of the declared anticipation of decedent that the entire balance of the estate might be exhausted in order to make distribution as directed, it seems only reasonable and logical to conclude that it was the intent of the decedent that each of the three named beneficiaries receive the sum of $200 per month, beginning with a period of one month after death.

It is elementary ·that in interpreting the will of a decedent the intent of decedent shall be ascertained from a consideration of:

" '(a) all the language contained in his will; and
" '(b) his scheme of distribution, and
" '(c) the circumstances surrounding him at the time he made his will, and
" '(d) the existing facts; and
" '(e) canons of construction will be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain' ": Pearson Estate, 442 Pa. 172.

Applying this test to the circumstances before us, we have no hesitancy in finding that it was the intent of decedent that each of his three beneficiaries receive the sum of $200 per month, and the portions of the will of testator providing therefor are so interpreted. The petition for declaratory judgment is granted and we make the following

## ORDER

And now, to wit, May 3, 1973, after consideration of the will of decedent and all facts pertaining thereto, we find that it is the intent of decedent that each of the three beneficiaries, Frances Vollmer, Margaret Dowdrick and Laura Louden, receive the sum of $200 per month; distribution to begin one month after the death of decedent, and the National Central Bank and Frances Vollmer, executors of the estate, are hereby authorized and directed to make distribution accordingly; this order is entered nisi upon the above date and shall become absolute as of course in the absence of exceptions filed thereto within 10 days of the date hereof.