## Hall's Motor Transit Co. v. New Penn Motor Express

*George E. Christianson, of Lewis, Brubaker, Whitman & Christianson,* for plaintiff.

*James L. Atkins,* for defendant.

GATES, P. J., June 29, 1971.—We have before us plaintiff's motion for a judgment on the pleadings. In this area of the law, two principles are well settled: (1) On a motion for judgment on the pleadings, all well pleaded facts, which are relevant and material, must be accepted as admitted (Engel v. Parkway Co., 439 Pa. 559); (2) a judgment on the pleadings should not be entered, unless the right thereto is clear and free from doubt: Eckborg v. Hyde-Murphy Co., 442 Pa. 283.

An analysis of the instant complaint and answer reveals facts which we consider, for our purpose, deemed to be admitted and pivotal.

On March 18, 1963, plaintiff and defendant entered into a written agreement whereby plaintiff agreed to lease certain premises situate in York County, Pa., for a term of three years commencing on April 1, 1963, and terminating on March 31, 1966. Defendant agreed to pay a rental of $27,000 at the rate of $750 a month in advance.

Of vital importance to the outcome of this case is the following provision contained in the lease:

"It is further agreed that if the said second party (with consent of the first party) shall continue in possession of the said premises after the expiration of said term, then this agreement shall become immediately operative for *another like term* and the first party shall have the right to enforce any of the conditions or forfeitures of this agreement, including the confession of judgment, with the waivers, etc. as if a

*new agreement* identical with this had been executed by the said parties for said succeeding *term or terms."* (Italics supplied.)

Defendant took possession of the premises on April 1, 1963. At the expiration of the initial three-year term, on March 31, 1966, defendant remained in possession under and in accordance with the terms of the lease. At the expiration of the second term, on March 31, 1969, defendant again continued in possession under the terms of the lease. However, on March 31, 1970, defendant vacated the premises. At all times, defendant has made payment of the rent as stipulated in the agreement. Plaintiff maintains that by remaining in possession after the expiration of the second term on March 31, 1969, defendant became obligated for an additional term of three years for a rental of $27,000. However, defendant has only paid rental for one year, or $9,000, and it contends that the holding over was not for a three-year term but a mere year-to-year term and, therefore, defendant is not liable to plaintiff for anything. On the other hand, plaintiff claims it is entitled to the remaining two years rental in the amount of $18,000 and, in addition, the sum of five percent or $900 as attorney's commission for collection as set forth under the terms of the lease.

Initially, we note that when defendant vacated the premises, plaintiff confessed judgment on the lease. Defendant moved to open the judgment, and we granted the motion. This suit was instituted thereafter for the collection of the unpaid rentals. Consequently, we are of the opinion that plaintiff would clearly be entitled to the additional sum of five percent of the amount of rent collected under the terms of the lease as set forth therein, assuming, of course, that we conclude that plaintiff is entitled to a judgment for the balance of the rent it claims it is due.

The rule is well established that a general covenant to renew or extend a lease which makes no provision as to the terms of renewal or extension implies a renewal or extension upon the same terms as provided in the original lease: Aaron v. Woodcock, 283 Pa. 33, 50 Am. Jur. 2d §1159. Furthermore, this rule applies with particular force as to the term or length of time of the renewal or extension, if it is sufficiently definite and ascertainable from the lease agreement: Aaron v. Woodcock, supra.

An examination of this lease clearly shows that it was carefully worded and tailored to meet the requirements of the parties. Furthermore, there is no need to resort to any rules of construction since the language is as plain as it could be made. The hold-over clause manifests an intention on the part of the parties to the agreement that if defendant stayed in possession of the premises after the expiration of the three-year term, ". . . then this agreement shall become immediately operative for another like term . . ." There can be no confusion or ambiguity about the meaning of this language. There was only one term period involved, namely, a three-year term. If by any stretch of the imagination, this expression confuses anyone, they need read only a little further in the same paragraph, wherein it is provided that the holding over creates a new lease ". . . as if a new agreement identical with this had been executed by the said parties . . ."

Nor is there merit to the contention that the holding over applied only one time. The ". . . like term . . ." and ". . . new agreement identical with this . . ." language was specifically made applicable to any succeeding term or terms. To adopt defendant's version would require us to completely disregard the alternative "terms" language utilized in this lease. There is no reason or rule of law which requires us to

do this. We do not, in construing contracts, change the position of words or delete them so as to give the contract a different meaning or a wider scope.

Simply put, the language employed in this lease is so explicit that there is no place for the application of the rule that in construing provisions relating to renewals the tenant is favored. There is no uncertainty in the meaning of the words employed as in the numerous cases cited to us by defendant in its brief.

Finally, we must reject defendant's contention that this lease is susceptible to the creation of an estate in perpetuity. This rule obviously applies to those cases where the tenant has the absolute, unilateral right to continue in possession in perpetuity, regardless of the wishes of the landlord. Such is not the case in the instant agreement. The language in this agreement permitting holding over is ". . . with the consent of the first party . . ." Obviously, there can be no renewal of this lease without the express or implied consent of the landlord. Where the landlord retains the right to terminate the lease, there can be no estate in perpetuity. Thus, defendant's contention and the authorities cited therefor in its brief has no application to this case.

Therefore, after careful consideration, we will make the following

### ORDER

And now, to wit, June 29, 1971, plaintiff's motion for judgment on the pleadings is granted, and the clerk of court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $18,900, plus interest from April 1, 1970, together with the costs.