## Scott v. Spezialetti

Before Brominski, Bigelow, Hourigan, Olszewski, Podcasy and Dalessandro, *JJ.*
*John H. Doran,* for plaintiff.
*John M. Kuchka,* for defendant.

DALESSANDRO, *J.,* July 14, 1975.—Plaintiff sued defendant in trespass seeking monetary damages, alleging that defendant unlawfully prevented plaintiff from occupying certain real estate under a lease agreement dated October 1, 1951, which plaintiff had with defendant's predecessor in title. Plaintiff filed a petition for declaratory judgment, seeking a determination of his rights under the lease. The court, Dalessandro, J., issued an order declaring the lease to be unconscionable and perpetual and, therefore, unenforceable.

The matter is now before the court on plaintiff's exceptions to the court's conclusions of law.

## DISCUSSION AND LAW

Plaintiff's exceptions claim that the court's conclusions of law 2 and 3 are contrary to the law of the State and not warranted by the evidence, and, further, plaintiff takes exception to the court's refusal to declare that plaintiff is entitled to possession of the premises under conditions of the lease.

Determination of validity and enforceability of the provisions of the contract could be had by declaratory judgment proceedings: Southeastern Pennsylvania Transportation Authority v. Philadelphia Transportation Company, 419 Pa. 471, 214 A.2d 632 (1965); County Amusement Company v. Johnstown Schiff's Inc., 37 D. & C. 2d 290 (1965).

Plaintiff relies almost exclusively on the case of Jacobs v. Jacobs (No. 1), 45 Luz. 43 (1955). The

Jacobs case does hold that the factual contents and circumstances of each case are of paramount importance in determining the obligations between the parties. Close examination of the Jacobs case reveals a substantial difference from the present case. Here, we have a lease that provides: (1) that the lessee has the right of first refusal to rent the second-floor apartment above the premises leased; (2) that the lessee pay a monthly rent of $50; (3) that the lessor shall not enter the lessee's premises for any reason whatsoever without the prior permission of the lessee; (4) that the lessor pay the water rent; (5) that the lessor furnish heat and hot water; (6) that the heat be sufficient so that temperature of the premises leased shall not fall below 72 degrees Fahrenheit; (7) and that the lease shall automatically renew itself from year to year, with the lessor being bound thereby. Nothing in the lease gives the lessor any right whatsoever to terminate the agreement other than any breach of some stated condition by lessee (example: pay rent on time; assignment of lease or use of premises by lessee for purposes other than specified in the lease without written permission from lessor).

Although the printed form of the lease states, "that the premises above specified are rented in their present condition, with the distinct understanding that the lessor shall not be put to any expense for repairs . . .", the typed addendum requires that alterations shall be made by the lessor and that the lessee may oversee the alterations as they are being made.

Those pertinent terms considered together establish the unconscionability of this lease. Most significantly, however, the provision for automatic renewal from year to year creates a perpetual lease at a fixed rental of $50 per month.

The Jacobs case provided: "the lessee shall have the further privilege of renewing this lease upon the same terms and conditions as herein contained for a further period of one year and so on from year to year. . . ." The lease before the court provides, "the term of this lease if for one year. This lease shall automatically renew itself from year to year, the lessor shall be bound thereby. . . ."

The terms and conditions in the case before the court are stronger that those in the Jacobs case. In the Jacobs case the lessee only had the right to renew but in the case before the court the renewal was automatic without any notice or action by any party to the other.

Sterle v. Galiardi Coal & Coke Co., 168 Pa. Superior Ct. 254, 257, 77 A.2d 669 (1951): "A lease for a term certain, and thereafter to continue at the will of the lessee, may be enforceable. Myers v. Kingston Coal Co., 126 Pa. 582, 601, 17 A. 891. But covenants for continued renewals tending to create a perpetuity are not favored in law, 51 C. J. S., Landlord and Tenant, §61; and leases will not be construed to give them that effect unless the intention is expressed in unequivocal terms. 3 Thompson on Real Property (Permanent Ed.) §1174."

This court interprets the lease before it as being perpetual in term. A further important factor in the Jacobs case is that the lease was drafted by defendant, who was the attorney for W. S. Robbins, one of the owners of the property. There is no indication in this record as to who prepared the present lease. The language in two parts of the present lease is very clear and precise: "This lease shall automatically renew itself from year to year . . ." and "The true intent and meaning of this lease is that the above described premises are leased for the term of

one year with automatic renewal as set forth above. . . ." The language in both of those sections is "expressed" and "unequivocal" as the rule is set forth in the Sterle case.

Websters New 20th Century Dictionary, Second Edition, Unabridged, defines automatic as mechanically; done without conscious effort; not voluntary; not depending on the will.

## ORDER

Plaintiff's exceptions to conclusions of law and miscellaneous exceptions are overruled, and the order of this court, Dalessandro, J., dated June 12, 1974, is affirmed in its entirety.