586 A.2d 1021

COMMONWEALTH FEDERAL SAVINGS AND LOAN
ASSOCIATION, Appellant,

v.

John J. PETTIT, Jr., Esquire, Prothonotary of the Court of
Common Pleas of Philadelphia County; Court of Common
Pleas of Philadelphia County; and City of Philadelphia, Ap-
pellees (Two Cases).

Commonwealth Court of Pennsylvania.

Argued Dec. 5, 1990.

Decided Feb. 8, 1991.

Joseph M. Bagley, with him, Andrew B. Cantor, Wisler, Pearlstine, Talone, Craig, Garrity & Potash, Norristown, for appellant.

A. Taylor Williams, Philadelphia, for appellees.

Before CRAIG, President Judge, and COLINS, PALLADINO, SMITH, PELLEGRINI, KELLEY and BYER, JJ.

PELLEGRINI, Judge.

Commonwealth Federal Savings and Loan Association (CFSL) appeals from two orders of the Court of Common Pleas of Philadelphia County, dismissing both of CFSL's complaints against the Office of the Prothonotary, John J. Pettit, Jr., Esquire, Prothonotary of the Court of Common Pleas of Philadelphia County, the Court of Common Pleas of Philadelphia County, and the City of Philadelphia (Appellees), for damages for breach of contract and negligence.

On September 15, 1986, CFSL filed with the Prothonotary a Praecipe for Writ of Revival of Judgment (Praecipe), requesting the issuance of a Writ of Revival of Judgment (Writ) in the cause of action at June Term 1980, No. 1550. CFSL also requested that the Writ be indexed in the Judgment Index against the defendants in that matter, Patrick G. Dean and Yvonne Dean, in the amount of $19,185.18. A fee was charged by the Office of the Prothonotary for filing the Writ. On that same date, CFSL filed another Praecipe with the Prothonotary also requesting the issuance of a Writ in the cause of action at April Term 1980, No. 1364, and requesting that the Writ be indexed against the defen-

dants in that matter, Susan K. Daley and Mabel H. Daley, in the amount of $20,970.04. A fee was again charged by the Office of the Prothonotary for the filing of that Writ.

On April 25, 1989, while conducting a title search, CFSL discovered that the Prothonotary and/or the Office of the Prothonotary had failed to index both Writs in the Judgment Index against any of the named defendants. Additionally, the properties owned by the Deans and the Daleys had been separately conveyed to third-party purchasers in good faith. CFSL then filed dual civil actions at Nos. 1708 and 1709 against the Office of the Prothonotary, the Prothonotary, the Court of Common Pleas, and the City of Philadelphia, seeking damages in the amount of $40,155.22 for its losses. The complaints alleged that the damages resulted from the named parties' negligence, as well as their breach of contract under an express-contract theory, a contract implied-in-fact, and a contract implied-in-law. The Prothonotary and the Court of Common Pleas filed preliminary objections in the nature of a demurrer, which the trial court sustained.

The trial court dismissed CFSL's complaint at No. 1709 with prejudice, finding that there was no breach of contract because there was no offer and acceptance as required for a contract.[1] The trial court further found that there was no negligence, because a Prothonotary and its surety are not liable for failure to index a judgment in the absence of proof that the Prothonotary ordered or directed the manner of indexing. CFSL then appealed both of the trial court's orders to this court, which were consolidated for purposes of this opinion.

The issue now before us is whether the trial court committed an error of law by finding that the Appellees are not liable for damages for breach of contract and are not liable in tort as a result of the Prothonotary's failure to index the

1. The trial court issued an order forty-six days later dismissing CFSL's complaint at No. 1708 without prejudice, but did not provide CFSL with an opinion regarding that order.

Writs in the Judgment Index as requested and paid for by CFSL.

CFSL first contends that the Appellees breached a contract implied-in-fact by their failure to index the Writs.[2] A contract implied-in-fact arises when the parties agree upon the obligations to be incurred, but their intention is inferred from the acts or circumstances instead of expressed words. *Elias v. Elias*, 428 Pa. 159, 237 A.2d 215 (1968). CFSL argues that because the Prothonotary impliedly agreed that the Writs would be indexed in exchange for payment of filing fees, and the fees were paid, the Prothonotary's failure to index the Writs was a breach of a contract implied-in-fact for which all Appellees are now liable.

While a contract implied-in-fact may arise when two parties impliedly agree to perform certain duties, such a contract, as all others, will only arise when there is an exchange of legal consideration. In situations where one party is legally bound to perform an act for another, there is no legal consideration, because there is no benefit to the recipient who is entitled to the performance or detriment to the party who was legally obligated to perform. Thus, there is no exchange of value.[3] *Chatham Communications Inc. v. General Press Corporation*, 463 Pa. 292, 344 A.2d 837 (1975). In this case, there was no exchange of consideration because CFSL was legally bound to pay filing fees for the filing of Writs [4] and the Prothonotary had a

2. RESTATEMENT (SECOND) OF CONTRACTS § 4a comment a (1977) provides that the use of the term "implied-in-fact" is for actual but nonverbal contracts inferred from facts such as the parties' conduct.

3. *See also Ohio National Bank of Washington v. Hopkins,* 8 App.D.C. 146 (1896), which the trial court relied upon, where the Appellate Court of the District of Columbia determined that the payment of a fee to a public officer who received that fee for his services as fixed and determined by law, did not constitute valid consideration for an agreement.

4. *See* Section 21001 of the Judicial Code, Act of July 11, 1980, P.L. 643, *as amended,* 42 P.S. § 21001.

mandatory duty to accept the Writs for filing.[5] Because there was no exchange of legal consideration, and, therefore, no contract, we find there was no breach by the Prothonotary or any of the other Appellees of a contract implied-in fact.[6]

CFSL next contends that the Appellees breached a contract implied-in-law.[7] Under such a contract, CFSL must show that the Prothonotary wrongfully secured or passively received a benefit that would be unconscionable to retain. *Martin v. Little Brown & Company*, 304 Pa.Super. 424, 450 A.2d 984 (1982). While CFSL admits that the Prothonotary did not receive any benefit by its failure to index the Writs, other than the filing fees which were mandated by law, CFSL argues that the unconscionability in this case is the detriment resulting from its reliance on the Prothonotary's actions. CFSL further argues that the doctrine of estoppel is applicable because the Prothonotary negligently induced reliance on its actions. *Humphreys v. Cain*, 83 Pa.Commonwealth Ct. 176, 477 A.2d 32 (1984). However, the unconscionability referred to in a contract implied-in-law goes to the benefit received by the Prothonotary, not the detriment incurred by CFSL. Because CFSL admits that the Prothonotary did not receive any benefit, we also find that there was no breach of a contract implied-in-law.

Finally, CFSL argues that the Office of the Prothonotary and/or the Prothonotary were liable for negligence for the Prothonotary's failure to index the Writs or

**5.** Pa.R.C.P. No. 3027 provides that upon issuance of the writ or the filing of an agreement, the Prothonotary *shall* index it in the judgment index against each defendant and terre tenant named therein.

**6.** Moreover, it is the duty of the person offering an instrument for record to see that it is both properly recorded and indexed. *Commonwealth to the Use of Orris v. Roberts*, 392 Pa. 572, 141 A.2d 393 (1958). Because CFSL admits that it failed to check the Judgment Index to ensure the Writs had been indexed, its failure would have constituted a breach of contract, as well had one existed.

**7.** RESTATEMENT (SECOND) ON CONTRACTS § 4b comment b (1977) provides that a contract implied in law or quasi-contract is no contract at all, but merely a form of the remedy of restitution.

supervise his employees in indexing the Writs.[8] A similar issue was decided by our Supreme Court in *Commonwealth to the Use of Orris v. Roberts*, 392 Pa. 572, 141 A.2d 393 (1958). In *Roberts*, Orris, receiving a judgment note for $800, delivered the note to the cashier in the Prothonotary's office for purposes of having the note entered of record as a judgment. The cashier gave the note to the clerk, whose duty it was to index judgments, but the clerk improperly indexed the judgment under the wrong key letter of the Russell Index System. The debtor subsequently sold and conveyed the property to a third person for consideration before the error was detected, and Orris was unable to collect on his judgment against the debtor. The Supreme Court determined that the Prothonotary was not personally liable for Orris' loss, because a public officer could not be liable for the negligence of his official subordinates unless he directed that the negligent act be done. The Supreme Court further noted that because it was physically impossible for the Prothonotary to personally supervise each index entry, his duty was to establish adequate supervisory procedures. In this case, however, CFSL has neither alleged that the Prothonotary's procedures were inadequate, nor that the Prothonotary directed one of his employees not to index the writs. Therefore, under *Roberts*, CFSL's complaint would have to be dismissed.

CFSL denies that *Roberts* has any application to the present case, and instead relies upon *Petticord v. Joyce*, 516 Pa. 35, 531 A.2d 1383 (1987), for the proposition that a Prothonotary will be personally liable for the negligent acts of its employees, even if those acts are not directed by the Prothonotary. In *Petticord*, the appellant requested the Prothonotary to search the records to determine if any

8. CFSL also alleges that the court of common pleas, which appointed the Prothonotary, is liable for negligence under the doctrine of *respondeat superior*. Although Section 2732(b) of the Judicial Code, Act of July 9, 1976, P.L. 586, 42 Pa.C.S. § 2732(b), provides the court of common pleas with the authority to appoint a Prothonotary, the Prothonotary is not employed by the court, but instead by Philadelphia County. Therefore, the doctrine of *respondeat superior* does not apply.

judgments had been entered against a piece of property which she wished to purchase. After searching the records, the Deputy Prothonotary issued a certificate under the seal of the court certifying that the Prothonotary had searched the records and determined that no judgments had been entered against the property which the appellant wished to purchase. Relying upon that certificate, the appellant purchased the property, only to learn one year later that there was a lien on the property and, if not paid off, the property would be subject to foreclosure.

While our Supreme Court found that the Prothonotary was personally liable for the Deputy Prothonotary's negligence because the issuance of a certificate under the personal signature of the Prothonotary and under the authority of his office had been an affirmative act, the court specifically noted that *Roberts* was not applicable because that case involved the mere recording of a judgment by a clerk which was a passive act. Because the Supreme Court found that there had to be an affirmative act on the part of the Prothonotary in order to hold him liable, and there has been no affirmative act in this case, we find that *Petticord* has no application to the present case. Additionally, because *Roberts* is still applicable, CFSL cannot maintain an action personally against the Prothonotary on the basis of his negligent failure to supervise his employees.

Even though the Supreme Court determined under *Roberts* that a Prothonotary could not be personally liable for damages resulting from the failure of his employee to index a writ, that case did not address the issue of whether the Office of the Prothonotary would be liable for those damages. However, assuming arguendo that the Office of the Prothonotary was negligent, or for that matter, any of the Appellees, CFSL would still be precluded from any recovery.[9]

9. Because it was not raised, the issue of governmental immunity from negligent actions pursuant to Section 8542(b) of the Judicial Code, Act of October 5, 1980, P.L. 693, *as amended,* 42 Pa.C.S. § 8542(b), is not before us.

 CFSL argues that because the Prothonotary failed to index the Writs and CFSL admittedly failed to check the Judgment Index, both parties were negligent and the doctrine of comparative negligence should be applied so that damages may be apportioned. However, Section 7102(a) of the Judicial Code,[10] commonly referred to as the Pennsylvania Comparative Negligence Act, only abolishes contributory negligence as an absolute defense in cases involving death, bodily injury or injury to property. Because CFSL has only incurred financial losses as a result of the Prothonotary's negligence, the Pennsylvania Comparative Negligence Act has no application to this case.

 The doctrine of contributory negligence continues to be applicable to situations where both parties are negligent, but the resulting injury is not covered under the Pennsylvania Comparative Negligence Act. Under that doctrine, a party is totally barred from any recovery when his own negligence, however slight, contributes to his injury in a proximate way. *Elder v. Orluck*, 511 Pa. 402, 515 A.2d 517 (1986). Because CFSL admittedly failed to check the Judgment Index to ensure the Writs had been indexed as it admits it was required to do, we find that CFSL contributed to its own injury and is, therefore, precluded from any recovery.

Accordingly, the decisions of the trial court are affirmed.

## ORDER

AND NOW, this 8th day of February, 1991, the orders of the Court of Common Pleas of Philadelphia County, No.

**10.** Section 7102(a) of the Judicial Code, Act of April 28, 1978, P.L. 202, *as amended*, 42 Pa.C.S. § 7102(a), provides the following:

> In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

1708 dated March 23, 1990 and No. 1709 dated February 5, 1990, are affirmed.